[No. G011395. Fourth Dist., Div. Three. Oct. 29, 1992.]

CITY OF COSTA MESA, Plaintiff and Respondent, v.
SIDNEY SOFFER, Defendant and Appellant.

## COUNSEL

Sidney Soffer, in pro. per., for Defendant and Appellant.

Thomas A. Kathe, City Attorney, Burke, Williams & Sorensen, Michele Vadon-Rivera and Terry P. Kaufmann for Plaintiff and Respondent.

## OPINION

**MOORE, Acting P. J.**—Sidney Soffer (appellant) appeals from a judgment declaring five of his motor vehicles a public nuisance and requiring him to obtain a certificate of compliance for a sixth. He raises three issues on appeal: (1) whether the City of Costa Mesa (respondent) is authorized by law to declare the storage of inoperative vehicles on private property a public nuisance per se; (2) whether the correct burden of proof was required of respondent at trial; and (3) whether various ordinances promulgated and enforced by respondent regarding inoperable vehicles on private property are unconstitutionally vague, overbroad, and violative of the Fourth Amendment.

### FACTS

Appellant stored vehicles at his Costa Mesa residence beginning in 1975, and gradually added to his collection through 1989. The eight vehicles stored there were in various states of disrepair, suffering from deflated tires, disconnected fuel lines and tanks, inoperative brakes, faulty or missing batteries, frozen engines, broken starters and a defective transmission. Engine and passenger compartments were filled with debris. The vehicles did not have current registrations and were not stored in a structure.

In June 1990, respondent took action to declare the vehicles a nuisance by filing a complaint pursuant to Costa Mesa Municipal Code section 11-65 et seq.,[1] seeking injunctive and declaratory relief to abate the vehicles as a public nuisance. Appellant answered the complaint and the action was placed in the expedited trial program.

On February 5, 1991, police and city mechanics conducted a court-ordered inspection of the vehicles on appellant's property. Before trial, the court

---

[1] All statutory references are to the Costa Mesa Municipal Code unless otherwise specified.

ruled that respondent had the authority to declare wrecked, dismantled or inoperative vehicles a public nuisance, and limited respondent's burden of proof at trial to demonstrating that the vehicles were wrecked, dismantled or inoperative.

At trial, respondent offered a videotape and photographs of the February inspection, as well as the testimony of the two city mechanics who performed the inspection. Following respondent's case-in-chief, appellant was granted a nonsuit as to two of the vehicles. However, the court declared five of the vehicles a public nuisance and ordered them to be removed within ten days.[2] The court directed appellant to have the remaining vehicle inspected by the California Highway Patrol to determine whether it was "street legal."

## DISCUSSION

### I. *Nuisance Per Se, Preemption and Burden of Proof*

 Appellant does not deny that he violated the ordinance. Rather, he contends the city exceeded its legislative authority in declaring as a matter of law that the violations constituted a public nuisance, and he claims the court erred in failing to determine whether the vehicles were a nuisance under state law. He also questions whether a municipality may determine by ordinance that the storage of wrecked, inoperable, or dismantled automobiles is a public nuisance per se.

 " '[T]he legislature has the power to declare certain uses of property a nuisance and such use thereupon becomes a nuisance *per se*.' [Citation.] . . . Nuisances *per se* are so regarded because no proof is required, beyond the actual fact of their existence, to establish the nuisance." (*McClatchy* v. *Laguna Lands Limited* (1917) 32 Cal.App. 718, 725 [164 P. 41]; see also *People* ex rel. *Dept. Pub. Wks.* v. *Adco Advertisers* (1973) 35 Cal.App.3d 507, 513-514 [110 Cal.Rptr. 849]; *People* v. *Peterson* (1920) 45 Cal.App. 457, 459-461 [187 P 1079.)[3]

 Cities are constitutionally authorized to make and enforce within their limits all local, police and sanitary ordinances and other such regulations not in conflict with the general laws. (Cal. Const., art. XI, § 7.)

---

[2]These findings involved mixed issues of law and fact. The findings that the vehicles fell within the ambit of the nuisance statute were legal findings, but the underlying findings regarding the disrepair of each vehicle were factual findings to which this court must defer. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 241, p. 246.)

[3]At oral argument appellant cited *Leppo* v. *City of Petaluma* (1971) 20 Cal.App.3d 711 [97 Cal.Rptr. 840] for the proposition it must be proven that property is a public nuisance before abatement can occur. We agree. *Leppo* holds that a nuisance may be abated only after a judicial determination that the property is a nuisance has been made based upon competent evidence and sworn testimony. (*Id.* at p. 718.) That is exactly what occurred here.

Government Code section 38771 provides, "By ordinance the city legislative body may declare what constitutes a nuisance." "[E]ven without this section cities would have the power to abate public nuisances (Code Civ. Proc., § 731) . . . it seems evident that Government Code section 38771 does more than permit cities to adopt as municipal ordinances provisions which have already been enacted as state statutes; such an interpretation would make the section superfluous." (*City of Bakersfield* v. *Miller* (1966) 64 Cal.2d 93, 100 [48 Cal.Rptr. 889, 410 P.2d 393].)

*Conner* v. *City of Santa Ana* (9th Cir. 1990) 897 F.2d 1487 is illustrative. There, a statutory scheme similar in construction to the contested Costa Mesa scheme was upheld by the Ninth Circuit: "The Conners next argue that the municipal ordinance authorizing seizure of the automobiles constitutes an unconstitutional exercise of the City's delegated police power. This argument is meritless. The ordinance was authorized by state law and was within the police powers of the state. Cal. Gov't Code §§ 38771, 38773.5; Cal.Veh.Code § 22660 (authorizing municipal ordinances pertaining to inoperative vehicle nuisances) . . . ." (*Id.* at p. 1493, citing *Price* v. *City of Junction, Tex.* (5th Cir. 1983) 711 F.2d 582, 589.)[4]

 Appellant's claim the Vehicle Code is preemptive is similarly without merit. While the Vehicle Code provisions are comprehensive and detailed, Vehicle Code section 22660 provides, "[A] city . . . may adopt an ordinance establishing procedures for the abatement and removal, as public nuisances, of abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof from private or public property . . . ."[5] (See also *City of Bakersfield* v. *Miller, supra,* 64 Cal.2d at pp. 100-101.)[6]

 Appellant takes issue with the wording of Vehicle Code section 22660, particularly the phrase "as public nuisances." He contends the word

[4]Vehicle Code section 22660 is an exception to section 21 of the Vehicle Code, which states, "[E]*xcept as otherwise expressly provided,* the provisions of this code are applicable and uniform throughout the State and in all counties and municipalities therein, and no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized herein." (Italics added.)

[5]Vehicle Code section 22661 sets forth several mandatory provisions to be incorporated into any local ordinance "establishing procedures for the removal of abandoned vehicles . . . ." Appellant claims this section applies exclusively to *abandoned* vehicles, but it clearly relates back to Vehicle Code section 22660, which governs "abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof . . . ." Subdivision (b)(1) of section 22661 mandates that local ordinances governing such vehicles must exempt from their reach "a vehicle or part thereof which is completely enclosed within a building in a lawful manner where it is not visible from the street or other public or private property . . . ." The Costa Mesa ordinances in question follow this mandate to the letter. (See fn. 8, *post.*)

[6]Appellant claims that *City of Bakersfield* requires a showing that there be "some kind of danger to the public health or safety" before a condition can be declared a public nuisance. We do not read *City of Bakersfield* so broadly. There, the local ordinance adopted the Uniform Building Code by reference, which required a showing of danger before a building could be

"as" is synonymous with the word "like." Thus, he claims, the statute does not authorize cities to declare by ordinance that inoperative vehicles are public nuisances, but only allows cities to treat inoperative vehicles "like" they were public nuisances.

But, under appellant's interpretation of the statute, the city would be unable to declare inoperable vehicles public nuisances (even though Gov. Code, § 38771 specifically provides that cities "may declare what constitutes a nuisance"), but would retain the authority to remove and abate the inoperative vehicles. This is inconsistent with the statutory scheme governing the abatement of public nuisances found in Government Code sections 25845, 38771 and 38773.5,[7] and recognized in Vehicle Code section 22660. These Government Code sections apply to nuisances, but not to "nuisance-like" situations. ■ "Standard rules of construction require us to give the words in a statute 'the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the legislature . . . . [Citations.]' " (*People* v. *Hansel* (1992) 1 Cal.4th 1211, 1217 [4 Cal.Rptr.2d 888, 824 P.2d 694], quoting *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]. See also *Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934]; *Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 501 [247 Cal.Rptr. 362, 754 P.2d 708]; *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].)

■ Appellant also argues that the Penal Code has preempted the field of public nuisance law through section 372, which provides, "Every person who maintains or commits any public nuisance, *the punishment for which is not otherwise prescribed*, or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor." (Italics added.) He relies on *In re Lane* (1962) 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897], which held, "Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. [Citation.]" (*Id.* at p. 102.) The defendant in *Lane* was convicted of the crime of "resorting" as defined in

declared a public nuisance. Here, however, there is no such requirement, and we see no reason to read one into the statute.

[7]Government Code section 25845, subdivision (a) reads, "The board of supervisors, by ordinance, may establish a procedure for the abatement of a nuisance. . . ."

Government Code section 38771 provides, "By ordinance the city legislative body may declare what constitutes a nuisance."

Government Code section 38773.5 states, ". . . [T]he legislative body may by ordinance establish a procedure for the abatement of a nuisance . . . ."

Los Angeles Municipal Code section 40.17. Defendant successfully argued the state had effectively occupied and preempted the field by its enactment of Penal Code sections criminalizing various types of sexual activity. "The . . . question necessary for us to determine: *Has the state adopted a general scheme for the regulation of* [public nuisances] *and determined, to the exclusion of local regulation, when* [public nuisances] *shall be criminal?*" (58 Cal.2d at p. 102.) Unlike *Lane*, the answer here is in the negative.

*Lane* noted 62 separate sections of the Penal Code which deal with sexual behavior in demonstrating the state's occupation and preemption of the field. Appellant can point to only one, which is hardly a case for preemption. Furthermore, Penal Code section 372 impliedly allows other legislative bodies to determine the punishment to be imposed on violators by designating the crime simply as a misdemeanor when "punishment . . . is not otherwise prescribed." Section 11-65.1 prescribes punishment for those convicted of storing inoperative vehicles: "It shall be unlawful, *and an infraction*, for any person to keep, store, or maintain upon any premises under his control any abandoned, wrecked, dismantled or inoperative vehicle, or parts thereof . . . ." (Italics added.)

■ Respondent may declare abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof on private property a public nuisance and may declare certain uses of property to constitute a nuisance per se. As a nuisance per se, no proof beyond the fact of the actual existence of the nuisance is required. Respondent must only prove the vehicles are abandoned, wrecked, dismantled, or inoperative in order to show they are a public nuisance. Respondent successfully carried that burden here.

## II. *Vagueness, Overbreadth and the Fourth Amendment*

■ Appellant contends the Costa Mesa statutes at issue (§ 11-65 et seq.) are unconstitutionally vague and overbroad.[8] He asserts these ordinances fail to provide definitions for the terms "abandoned," "wrecked,"

---

[8]Section 11-65 declares, "The presence of an abandoned, wrecked, dismantled or inoperative vehicle, or parts thereof, on private or public property . . ." constitutes a public nuisance.

Section 11-65.1 makes it unlawful "for any person to keep, store, or maintain upon any premises under his control any abandoned, wrecked, dismantled or inoperative vehicle, or parts thereof . . . ."

Section 11-66 provides that a vehicle is deemed "inoperative" if the vehicle is "(a) Mechanically incapable of being driven; or (b) Prohibited from being operated on a public street or highway pursuant to . . . Vehicle Code Sections 4000, 5202, 24002, or 40001, concerning license plates, registration, equipment, safety and related matters."

Section 11-67 provides an exception from the provisions of section 11-65 for vehicles enclosed within a building, vehicles stored pursuant to a conditional use permit or vehicles stored in connection with a licensed dismantler of motor vehicles, vehicle dealer or junkyard.

"dismantled," and the phrase "mechanically incapable of being driven," and leave the determination of the vehicles to which the ordinance applies to the discretion of an executive officer. Citing *United States* v. *Reese* (1875) 92 U.S. (2 Otto) 214 [23 L.Ed. 563] and *Yick Wo* v. *Hopkins* (1886) 118 U.S. 356 [30 L.Ed. 220, 6 S.Ct. 1064], appellant argues a municipality may not properly delegate such discretion to an executive officer.

But these cases are readily distinguishable from the instant case. The defendant in *Reese*, an election inspector, was prosecuted for refusing to receive and count the vote of an American citizen of African descent under a penal statute which did not "provide specifically for such an offense." This constituted an improper delegation of legislative discretion. (*United States* v. *Reese, supra*, 92 U.S. at pp. 220-221 [23 L.Ed. at pp. 565-566].)

In *Yick Wo*, the defendant was prosecuted under an ordinance prohibiting laundries in San Francisco from being located in wooden structures. The court noted that while virtually all Chinese laundries were located in wooden structures, other laundries were located in stone or brick structures. The underlying purpose of the ordinance was to discourage those of Chinese heritage from engaging in the laundry business.

Appellant attempts to use *Yick Wo* to challenge the discretionary authority of the Costa Mesa authorities. However, he has failed to demonstrate any abuse of discretion by these authorities. "It is, indeed, quite true . . . there must always be lodged somewhere, and in some person or body, the authority of final decision; and . . . in many cases of mere administration [,] the

Section 11-68 provides that the city may enter upon private or public property to examine a vehicle, or parts thereof, and to "remove or cause the removal of a vehicle, or parts thereof, declared to be a nuisance . . . ."

Section 11-69 provides authorization for persons under contract with the city to enter upon private or public property and remove such vehicles.

Sections 11-70 and 11-71 authorize abatement and the assessment of costs for administration and removal.

Section 11-72 states, "A ten (10) day notice of intention to abate and remove the vehicle, or parts thereof, as a public nuisance shall be mailed by registered mail to the owner of the land and to the owner of the vehicle . . . ." A request for a hearing must be received by the city within 10 days after the mailing of the notice to abate, or the city shall have the authority to abate and remove said vehicle as a public nuisance and assess the costs of removal without a public hearing.

Related statutes include section 11-81, which provides, "This chapter is not the exclusive regulation of abandoned, wrecked, dismantled or inoperative vehicles with the City of Costa Mesa. It shall supplement and be in addition to the other regulatory codes, statutes, and ordinances . . . enacted by the City of Costa Mesa, the state, or any other legal entity or agency having jurisdiction."

Also, section 1-33, subdivision (c) authorizes the city attorney to institute a civil action to restrain, enjoin or abate any condition found to be in violation of the provisions of the Costa Mesa Municipal Code, as provided by law.

responsibility is purely political, no appeal lying except to the ultimate tribunal of the public judgment, exercised either in the pressure of opinion [,] or by means of the suffrage." (*Yick Wo* v. *Hopkins, supra,* 118 U.S. at p. 370 [30 L.Ed. at p. 226.].)

█ " 'It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand.' [Citation.] Further, a person to whose conduct a law clearly applies cannot avoid its penalties merely because the statute may be vague or unconstitutionally overbroad when applied to the conduct of others. [Citation.]" (*Bailey* v. *City of National City* (1991) 226 Cal.App.3d 1319, 1330 [277 Cal.Rptr. 427], quoting *United States* v. *Mazurie* (1975) 419 U.S. 544, 550 [42 L.Ed.2d 706, 95 S.Ct. 710].)

A statute will be upheld against a claim of vagueness if its terms can be made reasonably certain by reference to other definable sources. (*Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 272 [198 Cal.Rptr. 145, 673 P.2d 732]; *People* v. *Gamez* (1991) 235 Cal.App.3d 957, 971 [286 Cal.Rptr. 894]; *In re Marriage of Walton* (1972) 28 Cal.App.3d 108, 116 [104 Cal.Rptr. 472].) A statute is not vague if an ordinary person exercising ordinary common sense can sufficiently understand and comply with its language. (*Kolender* v. *Lawson* (1983) 461 U.S. 352, 357 [75 L.Ed.2d 903, 103 S.Ct. 1855]; *Burg* v. *Municipal Court, supra,* 35 Cal.3d at pp. 270-271; *In re John V.* (1985) 167 Cal.App.3d 761, 768-769 [213 Cal.Rptr. 503].)

█ As established at trial, each of the vehicles fell within the statutory definition of "inoperative." (See fn. 5, *ante.*) And, the terms "abandoned," "wrecked," "dismantled" and the phrase "mechanically incapable of being driven" are all of common usage and are applied in common context, hence, their meaning is reasonably certain.[9]

By hypothetical, appellant attacks the broad reach of section 11-66. █ However, "[w]hen a statute is attacked as unconstitutional on its face, the attacker cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular application of the statute. [Citations.]" (*In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 48 [231 Cal.Rptr. 757]; internal quotation marks omitted.) "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." (*City Council* v. *Taxpayers for Vincent* (1984) 466 U.S. 789, 800

---

[9]A wrecked vehicle is one which is destroyed, disabled, seriously damaged, crashed or ruined. (Black's Law Dict. (5th ed. 1979) p. 1441, col. 2.) A dismantled vehicle is one which is in pieces. (Webster's New Internat. Dict. (3d ed. 1961) pp. 651-652.)

[80 L.Ed.2d 772, 104 S.Ct. 2118]; *People* v. *Gamez, supra,* 235 Cal.App.3d at p. 970.)

■ Finally, appellant's assertion that sections 11-68 and 11-69 are violative of the Fourth Amendment's warrant requirement is also without merit. Unlike in *Conner* v. *City of Santa Ana, supra,* 897 F.2d 1487, respondent here provided notice to appellant of its intention to abate and remove the vehicles, and sought judicial authorization as provided in section 11-72. The entry made onto appellant's property for inspection was pursuant to court order. The comprehensive scheme embraced in the ordinance does not call for an unauthorized entry for inspection or removal, and does not contravene the Fourth Amendment.

DISPOSITION

The judgment is affirmed.

Wallin, J., and Sonenshine, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 10, 1993.