145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis SCHNEIDER, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO, et al., Defendant-Appellee.
 No. 95-56553.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
April 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California.
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE,** Senior District Judge.
 MEMORANDUM*
 HUFF, J., Presiding.
 
 
 1
 Louis Schneider appeals the denial of his motion for judgment as a matter of law on his claim that the County of San Diego and its agent, Gregory Reynolds, dba Reybro, Inc., violated his federal due process rights when they destroyed vehicles towed from his land as part of a nuisance abatement action. We consider the motion for judgment as a matter of law de novo and remand with instructions to grant the motion and determine damages. See Omega Environmental, Inc. v. Gilbarco, Inc., 127 F.3d 1157, 1161 (9th Cir.1997).
 
 
 2
 We decline to address the defendants' contention that the jury verdict established Schneider did not own the vehicles. The defendants did not ask the jury to make a separate factual determination on this issue (See McCord v. Maguire, 873 F.2d 1271, 1274 (9th Cir.1989), as amended, 885 F.2d 650, 650 (9th Cir.1989)), and the defendants themselves conceded and offered evidence at trial that Schneider possessed and was the legal owner of at least some of the vehicles.
 
 A. DUE PROCESS CLAIM
 
 3
 We held in the prior appeal that the County was required, consistent with the findings of the County Abatement Board Hearing Officer, to proceed on the theory that Schneider's vehicles constituted a nuisance only because they were parked in violation of County zoning ordinances, that the nuisance was abated as soon as the vehicles were towed from Schneider's property, and that the Notice and Order to Abate did not provide Schneider with constitutionally adequate notice that his vehicles would be destroyed. See Schneider v. County of San Diego, 28 F.3d 89, 93 (9th Cir.1994). On remand, neither the County nor Reybro presented any evidence that Schneider received post-hearing notice that his vehicles would be destroyed. Schneider was therefore entitled to judgment as a matter of law on his procedural due process claim.
 
 
 4
 Courts may reconsider issues decided by a prior panel only if: (1) the first decision was clearly erroneous, (2) there has been an intervening change in the law, or (3) the evidence on remand was substantially different. See Milgard Tempering, Inc. v.. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990). Construed liberally, the defendants' arguments challenge the prior panel's decision as clearly erroneous. Under this standard, reversal is required only if we have "a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).
 
 
 5
 The prior panel's holding was entirely consistent with Ninth Circuit precedent requiring notice reasonably calculated to apprise the interested party of the issues and afford that party a reasonable opportunity to make an appearance. See Schneider, 28 F.3d at 92 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and Harris v. County of Riverside, 904 F.2d 497, 503 (9th Cir.1990)).
 
 
 6
 We reject the County's argument that the district court erred in concluding that the hearing officer affirmed the Notice and Order to Abate only insofar as it found Schneider was in violation of Sections 1006 and 6799 of the San Diego County Code. The hearing officer twice referred to these provisions specifically, and effectively narrowed the County's nuisance finding to them.
 
 
 7
 We also reject the County's argument that our prior opinion acknowledged that the County's Notice and Order to Abate provided Schneider with adequate notice that his vehicles would be dismantled and then effectively held that this "sufficient notice retroactively disappeared" after the hearing officer issued his order. We find no such acknowledgment and no such holding in our prior opinion.
 
 
 8
 We reject the claim that the prior panel did not properly consider the notice provided and procedures available to Schneider as a result of the Abandoned Vehicle Registered Owner Notifications sent by the County. The Abandoned Vehicle Notifications were sent before the administrative hearing and thus do not undermine the panel's holding that after the hearing, the County and Reybro were required to proceed on the theory that the vehicles were a nuisance only because they were parked in violation of County ordinances. See Schneider, 28 F.3d at 93. Furthermore, according to a County employee's testimony at trial, the Registered Owner Notifications were merely "courtesy letters" sent in conjunction with the Notice and Order to Abate and did not invoke a new procedure separate from that initiated by the Notice and Order to Abate.
 
 B. TAKINGS CLAIM
 
 9
 We conclude that Schneider's vehicles were taken in violation of the Constitution because the County has not adequately alleged or shown that his vehicles were destroyed to serve a legitimate public purpose. See Armendariz v. Penman, 75 F.3d 1311, 1320-21 (9th Cir.1996) (en banc) (property may not be taken without a justifying public purpose, even if compensation is paid).
 
 
 10
 As noted above, the prior panel held that "following the hearing officer's order the County was obligated to proceed on the theory that Schneider's vehicles were nuisances only because they were parked in violation of county zoning ordinances," and that the nuisance was completely abated when the defendants removed the vehicles. Schneider, 28 F.3d at 93. As the vehicles were not themselves nuisances, their destruction cannot fall within the "nuisance exception" to the Takings Clause and cannot be said to have served the public purpose of nuisance abatement.
 
 
 11
 We reject the district court's application of the "conceivable basis" test to hold the jury could have concluded that the County destroyed Schneider's vehicles to further a legitimate governmental purpose. The County has never contended on appeal or pointed to evidence in the record that Schneider's vehicles were destroyed to protect taxpayers from storage costs or for any purpose other than nuisance abatement. It has consistently insisted that they were destroyed to serve the public purpose of nuisance abatement.
 
 
 12
 Finally, Schneider was not required to exhaust state remedies to succeed with his takings claim because his property was not taken to serve a legitimate public purpose. See Armendariz, 75 F.3d at 1320-21 n. 5 (because a taking that does not serve a public purpose cannot be constitutional even if compensated, a plaintiff alleging such a taking would not need to seek compensation in state proceedings before filing a federal takings claim).
 
 
 13
 C. LIABILITY FOR THE CONSTITUTIONAL VIOLATIONS
 
 
 14
 The County is liable under Section 1983 because it followed its official policy in disposing of Schneider's vehicles. See Monell v. Department of Soc. Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipality is liable under Section 1983 if its "action pursuant to official municipal policy of some nature cause[s] a constitutional tort."); Owen v. City of Independence, 445 U.S. 622, 650, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (no good-faith exception); Evers v. County of Custer, 745 F.2d 1196, 1203-4 (9th Cir.1984) (County not immune from Section 1983 liability merely because it acted in accordance with state law).
 
 
 15
 Reybro is liable under Section 1983 because it jointly engaged with County officials under color of state law in the destruction of Schneider's vehicles. See Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (Section 1983 plaintiff need only allege that some person has deprived him of a federal right and that the person who deprived him of that right acted under color of state or territorial law); Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1322 (9th Cir.1982) (private persons act under color of state law when they are "jointly engaged with state officials in [a] prohibited action"); Howerton v. Gabica, 708 F.2d 380, 384 & n. 10 (9th Cir.1983) (no good-faith immunity under Section 1983 for private parties in Reybro's situation, although courts sometimes award only nominal damages).
 
 
 16
 The fact that Reybro is a private contractor acting at the direction of the County, which in turn failed to meet its constitutional obligation to provide notice, does not excuse the towing company from liability. See Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1341-42 (9th Cir.1977); Goichman, 682 F.2d at 1322. We also reject Reybro's argument that as a private company, it cannot be held liable under Section 1983 for a federal taking. See Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 432-33 n. 9, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982) (a taking authorized by the state is a taking without regard to whether the state or a party authorized by the state does the actual physical taking).
 
 D. SANCTIONS AGAINST SCHNEIDER'S ATTORNEY
 
 17
 Sanctions are inappropriate. Schneider's attorney, Chesebro, did not lodge a frivolous appeal, unreasonably multiply appellate proceedings, or misrepresent facts relevant to a significant disputed issue. See Malhiot v. Southern California Retail Clerks Union, 735 F.2d 1133, 1138 (9th Cir.1984) (discussing Fed. R.App. P. 38 and 28 U.S.C. § 1927). Counsel explained in the first footnote of Appellant's Opening Brief that "[a]s required under the applicable standard of review, the relevant facts are presented with all credibility determinations construed in the defendants' favor." Accordingly, when he stated that Schneider received the Registered Owner Notification, counsel was properly construing the facts in the light most favorable to the defendants. Similarly, counsel is not subject to sanctions for representing that Schneider appealed the claims contained in the Registered Owner Notifications, since those notifications were sent as a matter of courtesy in conjunction with the original Notice and Order to Abate. Because Schneider clearly appealed the Notice and Order to Abate, it was not improper for counsel to represent that Schneider had also appealed the substance of the related Registered Owner Notifications.
 
 
 18
 REVERSED AND REMANDED.
 
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3