Tom BRADEN, Plaintiff–Appellant,

v.

COUNTY OF LAKE; Rodney Mitchell;
Patrick R. McMahon; Dana Mc-
Donald; Gary Lewis; Mike Wood;
Stanley Jones; Last Mile Auto Dis-
mantlers; Darrin Woodruff, Defen-
dants–Appellees.

No. 00–15529.
D.C. No. CV–99–00892–SBA/JJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 21, 2001.

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

MEMORANDUM *

Tom Braden ("Braden") appeals the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 claims against the County of Lake, three county employees, three employees of the Lake County Sheriff's Department, Sheriff Rodney Mitchell, and Last Mile Auto Dismantlers. Braden challenges the district court's determinations that the abated vehicles in question were not located within the curtilage of Braden's residence, and that the warrantless seizures were reasonable. Braden also challenges the court's holding that the complaint failed to allege a wrongful arrest or excessive force claim, the court's denial of his motion to amend,

and the court's finding that Braden was not deprived of due process of law. We review de novo the district court's grant of summary judgment. *See Botosan v. Paul McNally Realty,* 216 F.3d 827, 829 (9th Cir.2000). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1. *The Area Surrounding Braden's Home was Not Curtilage*

██ A review of the curtilage factors delineated in *United States v. Dunn,* 480 U.S. 294, 300–01, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987), reveals that the district court properly determined that the area from which the vehicles in this case were seized is not within the curtilage of the Braden home. Although Braden may have intended to keep the area private, "[a]n intent to maintain privacy ... does not necessarily establish a constitutionally protected area of privacy." *United States v. Van Damme,* 48 F.3d 461, 464 (9th Cir.1995). Here, most of the property was shielded by a barbed wire fence through which the public could easily see-while the fences may have been intended to keep out trespassers or control cattle, they were not intended to shield the property from public view.

2. *The Warrantless Seizure of Braden's Vehicles Was Reasonable*

██ The district court did not err in determining that the seizure of Braden's vehicles was reasonable. A warrant was not required for the seizure of the vehicles because Braden did not have a reasonable expectation of privacy in the open area from which the vehicles were seized. *Compare Oliver v. United States,* 466 U.S. 170, 179, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984) (any "asserted expectation of privacy in open fields is not an expectation that society recognizes as reasonable."), *and*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*G.M. Leasing Corp. v. United States,* 429 U.S. 338, 351, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977) (seizures of automobiles on public streets, parking lots, or other open places did not involve any invasion of privacy), *and Schneider v. County of San Diego,* 28 F.3d 89, 92 (9th Cir.1994) (warrantless seizure reasonable where no legitimate privacy interests in area from which vehicles were seized), *with Conner v. City of Santa Ana,* 897 F.2d 1487, 1492 (9th Cir.1990) (warrant required where factors showed a reasonable expectation of privacy in fenced private property).

Further, the warrantless seizure of the vehicles was not unreasonable. While there was no abatement hearing in this case, the Notice of Abatement sent to Braden by certified mail informed Braden that if he contested the removal and abatement of his vehicles, he could request within 10 days of receipt of the notices a hearing on the matter. Braden failed to ask for a hearing. Although Braden claims that he never received the notices, he clearly was aware of the nuisance conditions because of his prior interactions with the County, because of the vehicle abatement notice stickers placed on the vehicles themselves, and because of the notices of nuisance placed on his property. Since no hearing was requested, the County, pursuant to Lake County Code Section 13–16.5, had the "authority to remove the vehicles or parts thereof as a public nuisance" without the requirement for a hearing or an order. The process afforded to Braden was sufficient to render the warrantless seizure of his vehicles reasonable.

### 3. *Braden's Complaint Did Not Allege Wrongful Arrest or Excessive Force*

■ The district court properly held that the complaint did not allege causes of action for wrongful arrest or excessive force. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Braden points to no language in his complaint that supports a cause of action for either wrongful arrest or excessive force-reference to these causes of action by the defendants in their Answer is insufficient to properly raise these claims. Further, any reference to a violation of the Fourth Amendment was insufficient to "provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.,* 908 F.2d 462, 466 (9th Cir. 1990).

### 4. *Denial of Leave to Amend*

■ The district court did not abuse its discretion in refusing Braden's request to amend the complaint to include claims for wrongful arrest and excessive force. *See United States v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1051 (9th Cir.2001) (district court's denial of leave to amend reviewed for an abuse of discretion). While liberality in granting amendments is favored, it is "subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). In this case, the potential prejudice to Sergeant McMahon in being personally subjected to punitive damages, of which he had no previous notice, only 13 days before trial was a sufficient basis for the trial court's denial of Braden's motion to amend.

### 5. *Alleged Deprivation of Property Without Due Process*

■ Finally, the district court did not err when it determined that Braden had not been deprived of his vehicles and vehicle parts without due process of law. Braden contends that he was never afforded an "opportunity to be heard" with reference to the seizure of the various automobile parts, which he had stored in some of

the vehicles seized. *See Brock v. Roadway Express*, 481 U.S. 252, 261, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987) (due process requires notice and an "opportunity to be heard"). The "Notice of Vehicle Abatement" sent via certified mail to Braden provided that Lake County Code Chapter 13 authorized the abatement and removal from his property as a public nuisance "abandoned, wrecked, dismantled, or inoperative vehicles or parts thereof" if he did not take action to remedy the situation.

Regardless of whether Braden received these mailings, Braden was aware of the persistent nuisance conditions on the property and was given sufficient opportunity to be heard on the question of his vehicle abatement. His failure to take advantage of that opportunity does not render the process provided to him constitutionally insufficient. Since due process was provided as to the vehicles themselves, it was sufficient as to the automobile parts in or on the vehicles as well.

AFFIRMED.