Colin F. YOUNG, Plaintiff—Appellant,

v.

John QUATERMASS, a Kitsap County Code Enforcement Officer; et al., Defendants—Appellees.

No. 02–35148.

D.C. No. CV–00–05657–JKA.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).  Accordingly, Young's motion for oral argument is denied.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM ***

Colin Young appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action, alleging that Kitsap County officials violated his constitutional rights and falsely accused him of county code violations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Schneider v. County of San Diego*, 28 F.3d 89, 91 (9th Cir.1994), and we affirm.

■ The magistrate judge properly determined that Young's claims relating to citations he received prior to September 7, 1997, are barred by the statute of limitations. *See* Wash. Rev.Code §§ 4.16.080(2), 4.96.020; *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002). The continuing violations doctrine was not applicable because Young failed to show that alleged incidents occurring before and after the limitations period were inseparable or dependent on each other. *See Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir.2002) (explaining that the continuing violations doctrine applies where there is "no single incident" that can "fairly or realistically be identified as the cause of significant harm").

■ The magistrate judge properly granted summary judgment on Young's retaliation and trespass claims. These claims were barred by collateral estoppel because the issues presented were litigated in prior Washington state court proceedings. *See Lombardi v. City of El Cajon*, 117 F.3d 1117, 1121 (9th Cir.1997) (looking to state law on collateral estoppel in section 1983 action); *Reninger v. Wash. Dep't of Corr.*, 134 Wash.2d 437, 449, 951 P.2d 782, 788 (Wash.1998) (en banc) (explaining the elements of issue preclusion); *see also United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992) (affirming on alternative ground supported by the record).

■ The magistrate judge correctly granted summary judgment to the defendants on Young's due process claim because Young did not raise a genuine issue of material fact showing that he was deprived of notice and an opportunity to be heard when his car was impounded. *See* Wash. Rev.Code §§ 46.55.085, 46.55.120 (West 2003).

■ The magistrate judge properly granted summary judgment on Young's intentional infliction of emotional distress claim because Young failed to provide medical evidence to establish objective symptoms of emotional distress. *See Birklid v. Boeing Co.*, 127 Wash.2d 853, 904 P.2d 278, 286 (Wash.1995) (en banc); *Haubry v. Snow*, 106 Wash.App. 666, 31 P.3d 1186, 1193 (Wash.Ct.App.2001).

Young's remaining contentions are also unpersuasive.

**AFFIRMED.**

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.