**Charles U. OKONKWO, Ph.D.**
**Plaintiff—Appellant,**

v.

**ARIZONA STATE UNIVERSITY;**
**et al., Defendants—Appellees.**

No. 04–15131.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

---

* The panel unanimously finds this case suitable

Charles U. Okonkwo, Ph.D., pro se, Keizer, OR.

Michael Goodwin, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Defendants—Appellees.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Charles Okonkwo appeals pro se the district court's summary judgment in favor of Arizona State University on Okonkwo's action alleging of race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir.1996), we affirm.

The district court properly granted summary judgment on Okonkwo's discrimination claim as Okonkwo failed to rebut the defendants' evidence that he was denied a tenure track position because he lacked expertise in the three focus areas listed in the job announcement, and that he was not rehired after his contract expired because defendants no longer needed lecturers after they filled the tenure track positions. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660–64 (9th Cir.2002).

The district court also properly granted summary judgment on Okonkwo's retaliation claim. Regarding the April 24, 2000 letter to President Coor, there is no evidence in the letter that Okonkwo complained of any protected activity. There-

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

fore, he failed to establish a prima facie case. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002)

Regarding Okonkwo's May 15, 2000 complaint to the Equal Employment office, even assuming that Okonkwo demonstrated that he engaged in protected activity, he failed to establish a "causal link" between defendant's failure to renew his contract and the complaint, as he presented no evidence that the individuals who decided not to renew his lecture contract had knowledge of his complaint. *See id; see also Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 797 (9th Cir.1982).

Okonkwo has waived his claim under the Equal Pay Act, 29 U.S.C. § 206(d), and his claim that defendants breached the implied covenant of good faith and fair dealing, because these claims were never presented to the district court. *See Dodd v. Hood River County,* 59 F.3d 852, 863–64 (9th Cir.1995).

Defendant Arizona State University's motion to strike portions of the untimely reply brief is denied as unnecessary. The remaining motions regarding the reply brief are also denied as unnecessary.

Okonkwo's motion to supplement the record is denied. *See Schneider v. County of San Diego,* 28 F.3d 89, 92 (9th Cir.1994) (noting that this court's review is limited to the record presented to the district court at the time of summary judgment).

*AFFIRMED.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).