**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD R. DAYTON, | No.   18-17115 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01898-KJM-KJN |
| v. | |
| CITY OF FAIRFIELD; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| CHRISTINA L. BROWNING, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 12, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Edward R. Dayton appeals pro se from the district court's judgment

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from a property inspection and nuisance abatement procedures carried out at his residence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). We affirm.

The district court properly dismissed Dayton's due process claim under the Fourth and Fourteenth Amendments because Dayton failed to allege facts sufficient to show that he was not afforded notice and meaningful opportunities to be heard. *See Schneider v. County of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994).

The district court properly dismissed Dayton's unlawful search and seizure claim under the Fourth Amendment because Dayton failed to allege facts sufficient to show a lack of probable cause for the warrant, *see United States v. Artis*, 919 F.3d 1123, 1131 (9th Cir. 2019), and the warrant was sufficiently particular as to what could be searched, *see Dawson v. City of Seattle*, 435 F.3d 1054, 1064–65 (9th Cir. 2006). *See also United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) (a warrant does not fail for lack of specificity "if a more precise description of the items subject to seizure is not possible").

The district court properly dismissed Dayton's privacy claim under the Fifth and Ninth Amendments because Dayton failed to allege facts sufficient to show that either amendment provides a basis for Dayton's alleged right to privacy. *See*

*Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (rejecting privacy theory under the Ninth Amendment as "meritless").

**AFFIRMED.**