Filed 1/5/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H044507 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. B1688435) |
| v. | |
| JASON ALAN HOLZMANN, | |
| Defendant and Appellant. | |

Defendant Jason Alan Holzmann was convicted of stalking (Pen. Code, § 646.9, subd. (a)) and granted probation. He contends that one of the conditions of his probation—an order that he stay away from the Apple Computer campus in Cupertino—is unconstitutionally vague because it does not specify a distance. As we will explain, a probation condition ordering someone to stay away from a particular location need only express the obligation it imposes in ordinary and understandable terms. The Constitution does not require more. We will affirm the probation order.

## I.  BACKGROUND

Defendant pleaded no contest to stalking his ex-wife in violation of Penal Code section 646.9, subdivision (a). As part of a negotiated disposition, the District Attorney agreed to dismiss several misdemeanor charges involving a trespass on the Apple campus in Cupertino in exchange for defendant's no contest plea to the stalking charge. Defendant was granted probation for a period of five years. One of the conditions of

probation imposed by the trial court is that defendant "stay away from the Apple campus."[1]

## II.   DISCUSSION

Defendant contends that the probation condition ordering him to "stay away" from the Apple campus is too vague to provide adequate notice of what he is required to do and therefore violates the United States Constitution.  The Attorney General concedes the point based on *People v. Barajas* (2011) 198 Cal.App.4th 748, 754, a decision from a different panel of this court.  The Attorney General interprets *Barajas* as holding that a stay away order without a distance is unconstitutionally vague and must be modified to indicate how close to a specified location a defendant may come (e.g., "defendant must not come within 50 yards of the Apple campus").  We do not accept the concession because *Barajas* does not compel the conclusion that a stay away order must specify a distance to be constitutional.  The addition of an express distance in *Barajas* was merely one approach to addressing the concern in that case, namely that the phrase "adjacent to"

---

[1] There are differences throughout the record in the way the condition is stated. The reporter's transcript reflects that the trial court stated defendant must not "go near Apple," and also that he must stay away from "Apple, the 1 Infinit[e] Loop or the new place if they open in time."  On another occasion, the trial court indicated it was going to "add to the stay away orders the Apple campus at [¶] … [¶] 4 Infinit[e] Loop."  When answering a question posed by the defendant during sentencing the court made it clear that the purpose of the condition was to keep the defendant away from the entire Apple campus:  "[The other cases are] going to be dismissed.  But you have to agree that part of the stay away order is Apple.  Apple doesn't want you around them."  The clerk's minutes ultimately recorded the condition as "[s]tay away from Apple in Cupertino (Infinit[e] Loop)."  We must construe the probation condition in context and give it a reasonable and practical construction under the circumstances.  (*People v. Hall* (2017) 2 Cal.5th 494, 500–501, citing *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117.)  And when there is a conflict between the reporter's transcript and the clerk's transcript, we adopt the version due more credence under the circumstances.  (*People v. Smith* (1983) 33 Cal.3d 596, 599.)  We therefore adopt the expression of the condition most consistent with the trial court's intent to require that defendant "stay away from the Apple campus."

2

as used in a condition prohibiting the defendant from being "adjacent to any school campus," was vague. (*Id.* at p. 760.) That language is not an issue here.[2] In our view, the condition in this case—requiring defendant to simply "stay away" from a particular place—is not vague.

We review constitutional challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) Probation conditions, like statutes, are unconstitutional if they are not sufficiently precise for the probationer to know what is required of him or her. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) That is because of the due process requirement of fair warning, which is embodied in both the federal and state constitutions. (*In re Sheena K.* (2007) 40 Cal. 4th 875, 890.) If a law does not provide fair warning of what it prohibits or requires, those to whom it applies will not know what conduct subjects them to punishment. (*Ibid.*) Further, a vague law invites arbitrary and discriminatory enforcement. (*Ibid.*) In *McBoyle v. United States* (1931) 283 U.S. 25, Justice Holmes explained that vague statutes are prohibited because "a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear." (*Id.* at p. 27.) The vagueness challenge here requires us to decide whether an order that defendant "stay away" from a specified location establishes a limitation clear enough to be constitutional.

---

[2] Because the challenged condition in this case is different, we need not decide whether *Barajas* was correct about the term "adjacent to" being unconstitutionally vague. But neither do we endorse the reasoning in *Barajas* on that point. Terms that are similar, or even less precise than "adjacent to," have been found constitutionally valid. (See *Cox v. Louisiana* (1965) 379 U.S. 559, 569 [statute prohibiting protesting "near the courthouse" not void for vagueness]; *People v. Ervin* (1997) 53 Cal.App.4th 1323, 1329 [statute prohibiting robbery of a person " 'in the vicinity of' " an ATM not vague]; *Hotel & Motel Ass'n of Oakland v. City of Oakland* (9th Cir. 2003) 344 F.3d 959, 972–973 [prohibition of nuisance activities in " 'close proximity' " to a hotel not vague].)

Our analysis must recognize the inherent inability of language to eliminate all possible ambiguity. (*Robinson v. United States* (1945) 324 U.S. 282, 286 ["In most English words and phrases there lurk uncertainties."].) The Constitution therefore "demands ' " 'no more than a reasonable degree of certainty.' " ' " (*People v. Hall*, *supra*, 2 Cal.5th at p. 503.) " 'It is not necessary that a statute furnish detailed plans and specifications of the acts or conduct prohibited.' " (*People v. Speegle* (1997) 53 Cal.App.4th 1405, 1411.) The constitutional proscription against vagueness does not preclude " 'the use of ordinary terms to express ideas.' " (*Ibid*.; see also *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 387 ["A statute is not vague if an ordinary person exercising ordinary common sense can sufficiently understand and comply with its language."].) And the relevant question is whether a person who *wants* to comply with the law can reasonably understand how to do so—not whether a person seeking to break the law can find some ambiguity in it. (See *Grayned v. City of Rockford* (1972) 408 U.S. 104, 108 ["[B]ecause we assume that [one] is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning."].)

The probation condition here expresses in ordinary language what defendant must do to comply with it: stay away from the Apple campus. The common sense meaning of "stay away" in this context is "do not go to or enter" the identified premises. We believe this is what a person of ordinary intelligence would understand when told to stay away from a place. The word "away" is so commonly used and ingrained in our vocabulary that one hardly needs to resort to a dictionary to define it. But consistent with our understanding of its meaning in this context, a dictionary definition of "away" is "from this or that place." (Webster's 3d New Internat. Dict. (1993) p. 152.) Had the trial court wanted to prohibit defendant from coming within a certain distance of the Apple campus it could have done so, but that would be a different condition.

4

Merely because a condition could have been drafted with more precision does not make it unconstitutional. (*People v. Hall, supra,* 2 Cal.5th at p. 503 ["[T]he question before us is not whether this degree of precision would be desirable in principle, but whether it is constitutionally compelled."].) There are reasons the trial court might have preferred a condition requiring defendant to simply stay away from the location over one prohibiting him from coming within a certain distance. Based on the facts of a particular case or the circumstances of a particular probationer, a trial court might well conclude that a specified distance is appropriate as part of a stay away order. But the failure to include one does not make the condition vague. The Constitution requires a reasonable degree of certainty in probation conditions. Beyond that, the level of precision with which the condition is stated is best left to the sound discretion of the trial court.

Defendant also argues the stay away condition is vague because it does not more specifically define the "Apple campus." But the word "campus" is understandable enough and is not unconstitutionally vague. (*In re Edward B.* (2017) 10 Cal.App.5th 1228, 1237 [probation condition prohibiting being on a school campus not vague].) Because any violation of a probation condition must be willful, if defendant were to be in a place that he did not know is within the Apple campus, he would not be in violation of his probation. (*Ibid.*, citing *People v. Hall, supra,* 2 Cal.5th 494, 501–502; see also *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295 [no probation violation unless the probationer willfully violates a condition].)

The law does not always succeed in expressing concepts in a clear and understandable way. But an order that someone "stay away" from an identified location is a simple command stated in plain language. The probation condition challenged here need not specify a distance in order to satisfy the important objectives of fair warning and legitimate enforcement.

### III.    DISPOSITION

The order is affirmed.

5

_____

Grover, J.

**WE CONCUR:**

_____

Elia, Acting P. J.

_____

Premo, J.

**H044507 -** *People v. Holzmann*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court, Case No.: B1688435 |
| Trial Judge: | Hon. Kenneth Paul Barnum |
| Attorneys for Plaintiff/Respondent: The People | Xavier Becerra<br>  Attorney General of California<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Rene A. Chacon<br>  Supervising Deputy Attorney General .<br>Bruce Ortega<br>  Deputy Attorney General |
| Attorney for Defendant/Appellant: Jason Alan Holzmann | Lori Quick<br>  Attorney at Law<br>  Under Appointment by the Court of Appeal |