IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36749-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK JAMES WILLING, JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Frank Willing, Jr. appeals his conviction for violating a protection order, RCW 26.50.110(5). We affirm the conviction but remand for resentencing.

FACTS

Mr. Willing agreed to drive his girlfriend to the home of her granddaughter, L.K. Like her grandmother, L.K. had a valid anti-harassment order in place against Mr. Willing. It required that he "stay away" from L.K. and her home. Willing parked the car about 20 feet from the house and let his passenger out. Kristina saw Mr. Willing deliver her mother and confronted him about driving to her home.

Mr. Willing admitted to law enforcement that he knew he should not go to the house, but he did not intend to violate the order. Multiple charges were filed, all of which were felony offenses due to Mr. Willing's prior conviction history. Mr. Willing pleaded

guilty to three felony domestic violence protection order violations, but proceeded to bench trial on the anti-harassment protection order count involving L.K., a charge that did not involve domestic violence. Mr. Willing argued that his conduct did not violate the order protecting L.K. and that the "stay away" language was vague.

The court concluded that the language was understandable and convicted him of the offense. At sentencing, the defense agreed that the three domestic violence offenses all scored as "9" and carried a 60 month sentence. Without discussion, count 4 involving L.K. was scored and treated in the same manner.

The court rejected Mr. Willing's request, supported by his girlfriend, for an exceptional sentence and imposed concurrent 60 month sentences on all four counts. Mr. Willing timely appealed to this court. A panel heard the appeal without conducting argument.

ANALYSIS

Mr. Willing argues that the evidence was insufficient and the "stay away" order was vague. He also notes that the offender score was wrongly calculated for count 4. We address those three issues in the order stated.

*Evidentiary Sufficiency*

Mr. Willing argues that the evidence was insufficient because he did not enter L.K.'s residence or come within a specified distance. Since the order is not couched in those terms, the trial court did not err in its ruling.

2

We review this argument under well settled principles of law. "Following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-106, 330 P.3d 182 (2014). "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Id*. at 106. In reviewing insufficiency claims, the appellant necessarily admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Finally, this court defers to the finder of fact's resolution of conflicting evidence and credibility determinations. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

It is a criminal offense to violate a protection order that excludes an individual from the protected person's residence. RCW 26.50.110(1)(a)(i). Protection orders that are covered under this statute include anti-harassment orders issued under RCW 9A.46. RCW 26.50.110. An anti-harassment order may restrict respondent from contacting the protected person.[1] RCW 9A.46.080.

A home or residence constitutes where one normally lives and a valid protection order need not list the protected party's address. *State v. Vant*, 145 Wn. App. 592, 598-

---

[1] The pretrial anti-harassment protection order statute also specifically states a court may order the defendant to "stay away" from the protected person's home. RCW 9A.46.040(1)(a).

599, 186 P.3d 1149 (2008). The fact-finder need only establish the defendant knew the protected party resided at a location and knowingly went to that location. *Id.* at 599. It is irrelevant whether the defendant actually made contact with the victim so long as the violation was knowing. *State v. Ward*, 148 Wn.2d 803, 815-816, 64 P.3d 640 (2003).

The anti-harassment order clearly directed Mr. Willing to "stay away" from L.K.'s home. Mr. Willing cites no authority suggesting that he must have entered the house to violate the order or that the order is invalid because it did not establish a specified distance that he needed to stay away from the residence. It was a factual question whether Mr. Willing went to the proscribed location. The trial court reviewed the undisputed evidence and found Mr. Willing went to L.K.'s home despite the valid protection order. Mr. Willing also knew he should not go to the residence. We agree that this evidence allowed the trial judge to conclude that Mr. Willing violated the order.

The evidence was sufficient to support the judgment.

*Vagueness*

Mr. Willing next contends that the anti-harassment order's "stay away" language was unconstitutionally vague. Foreign authority, which we adopt, concludes otherwise.

A statute or court order with criminal penalties must give fair notice of the prohibited conduct pursuant to Fourteenth Amendment due process requirements. *City of Seattle v. May*, 171 Wn.2d 847, 855-856, 256 P.3d 1161 (2011). An order is unconstitutionally vague if it does not define criminal conduct with sufficient definiteness

4

for an ordinary person to understand what is forbidden. *State v. Bahl*, 164 Wn.2d 739, 752-753, 193 P.3d 678 (2008). This is essential to protect against arbitrary enforcement. *Id*. However, an order is not unconstitutional merely because a person cannot predict with complete certainty when conduct becomes proscribed. *State v. Watson*, 160 Wn.2d 1, 7, 154 P.3d 909 (2007). Instead, we look to whether a person of ordinary intelligence can reasonably comprehend what they are or are not allowed to do. *Id*.

The purpose of Washington's anti-harassment laws is to prevent invasion of the protected person's privacy. RCW 9A.46.010. There is no significant Washington case law discussing the "stay away" language. California's courts have ruled that an order to "stay away" from a location is such a common and generic term that it hardly needs a definition from the court. *People v. Holzmann*, 18 Cal. App. 5th 1251, 1244-1245, 227 Cal. Rptr. 3d 409 (2018). An order to "stay away" from a designated location is reasonably clear even without a specified distance and the question is solely whether the defendant knew he should not be at the given location. *Id*. at 1246. Similarly, a Massachusetts court determined that a "stay away" provision in a protection order is not subject to arbitrary enforcement because it is necessarily limited to when a defendant comes near enough to a prohibited place to violate the order's objectives to prohibit contact or harassment. *Commonwealth v. Telcinord*, 94 Mass. App. Ct. 232, 237-238, 113 N.E.3d 382 (2018).

We agree with California and Massachusetts that "stay away" is an obvious phrase that a reasonable person can comprehend and obey. Mr. Willing was on notice not to go to L.K.'s house. The trier-of-fact could evaluate the facts to determine if Mr. Willing intentionally failed to "stay away." His admission that he should not have gone to the house showed that he comprehended what he could not do. The anti-harassment order is not constitutionally vague.

*Sentencing*

Lastly, Mr. Willing argues, and the State concedes, that the offender score calculation for count 4 is incorrect. We agree with the parties that the correct offender score was 4 and that the standard range should have been 22-29 months. Resentencing is appropriate. *State v. Kilgore*, 141 Wn. App. 817, 824-825, 172 P.3d 373 (2007).

Conviction affirmed. Sentence reversed and the case is remanded for sentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____          _____
Lawrence-Berrey, J.                                   Siddoway, J.

6