Filed 5/20/22  In re L.N. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  L.N.,  Defendant and Appellant. | E077855  (Super.Ct.No. J287990)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Affirmed as modified.

Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Robin Urbanski, Acting Assistant Attorney General, Melissa Mandel and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

The San Bernardino County District Attorney filed a Welfare and Institutions Code[1] section 602 petition as to defendant and appellant, L.N. (minor), alleging one count of possession of a firearm by a minor. (Pen. Code, § 29610.) A juvenile court found true the allegation, declared him a ward of the court, and placed him in his father's custody under specified probation conditions. The court found the maximum term of confinement in this case was three years.

On appeal, minor contends: (1) the probation condition stating that he not possess, or act like he possesses, a dangerous or deadly weapon is unconstitutionally vague and overbroad; and (2) the court erred in setting the maximum term of confinement since he was not removed from the custody of his father. The People concede, and we agree, that the maximum term of confinement should be stricken. Otherwise, we affirm.

## FACTUAL BACKGROUND

Police officers responded to a call of shots fired and were given a description of two vehicles. Upon arriving at the location where the shots were heard, an officer saw one of the vehicles run a stop sign, and he initiated a traffic stop. Minor and his friend were in the car. The officer asked minor if there were any guns in the car, and minor admitted he had a gun in the backseat. The police recovered a black semiautomatic handgun from the car and found two expended shell casings in minor's front pocket. Minor was arrested.

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

2

I. The Probation Condition at Issue is Not Unconstitutionally Vague or Overbroad

The probation condition at issue provides: "Do not possess, or act like you possess, a dangerous or deadly weapon, including but not limited to any knife, gun, anything that looks like a gun, any part of a gun, ammunition, blackjack, bicycle chain, dagger, or any weapon or explosive substance or device as defined in Penal Code section 16100-17360 and/or Penal Code section 626.10." Minor argues that this probation condition (the condition) is unconstitutionally vague and overbroad and must be either stricken or modified. The People contend the condition is sufficiently precise, such that a person of common intelligence could understand it. We agree with the People.

A. *Relevant Law*

The juvenile court "has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) "We review constitutional challenges to probation conditions de novo." (*People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1244 (*Holzmann*).)

"Probation conditions, like statutes, are unconstitutional if they are not sufficiently precise for the probationer to know what is required of him or her. [Citation.] That is because of the due process requirement of fair warning, which is embodied in both the federal and state Constitutions. [Citation.] If a law does not provide fair warning of what it prohibits or requires, those to whom it applies will not know what conduct subjects

3

them to punishment.  [Citation.]  Further, a vague law invites arbitrary and discriminatory enforcement." (*Holzmann*, *supra*, 18 Cal.App.5th at pp. 1244-1245.)  However, "[m]erely because a condition could have been drafted with more precision does not make it unconstitutional." (*Id*. at p. 1246.)

In other words, "[t]o withstand a vagueness challenge, 'a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition.' [Citations.]  A probation condition is not impermissibly vague ' " 'simply because there may be difficulty in determining whether some marginal or hypothetical act is covered by its language.' " '  [Citation.]  We give the condition ' "the meaning that would appear to a reasonable, objective reader." ' " (*In re I.V.* (2017) 11 Cal.App.5th 249, 261 (*I.V.*).)  Thus, "[a] probation condition survives a vagueness challenge if it can be given any reasonable and practical construction." (*Ibid*.)

B. *The Condition Was Not Unconstitutionally Vague or Overbroad*

Minor specifically argues that the part of the condition prohibiting him from "acting like" he possesses a dangerous or deadly weapon is vague and overbroad because it fails to give him fair warning of what conduct is prohibited, and it "restricts more conduct than necessary to achieve a state interest."  He claims the condition as phrased prevents him from acting in a play "in which his character pretends to have a weapon," or dramatizing a story he read to his friends or family.

We disagree with minor's claim that the phrase "act like you possess" is unconstitutionally vague.  A probation term should be given "the meaning that would

4

appear to a reasonable, objective reader." (*People v. Bravo* (1987) 43 Cal.3d 600, 606.) The condition prohibits minor from acting like he possesses a dangerous or deadly weapon such as a gun, knife, dagger, or explosive device. A reasonable, objective reader would interpret "act like you possess" to mean pretending or making a gesture like you have a dangerous or deadly weapon.[2] (See *In re A.C.* (2019) 37 Cal.App.5th 262, 268-269 [court read "act like you possess an object you know is a dangerous or deadly weapon" to mean "perform[ing] an 'act' that simulated [the minor's] possession of a weapon"].) This reading is a reasonable and practical construction of the phrase. We observe that minor himself read the language in this manner in arguing that the condition is overbroad. He claims the condition is overbroad since it prevents him from acting in a play in which his character "pretends to have a weapon."

Minor further argues that the condition is vague since it does not specifically describe "how someone acts like he possesses a dangerous or deadly weapon" and could apply to "an infinite number of subjectively defined objects, behaviors, and situations." However, the condition provides that he is not to possess or act like he possesses ". . . any weapon or explosive substance or device *as defined in Penal Code section 16100-17360 and/or Penal Code section 626.10.*" These statutes list various weapons and specifically define various behaviors. (See Pen. Code, § 16120 ["Intentionally or recklessly [] cause or attempt to cause bodily injury," "place a person in reasonable apprehension of

---

[2] For example, one can imagine, during the commission of a robbery, a perpetrator could reach into his jacket pocket and feign holding a gun to intimidate the victim to relinquish property. The probation condition would deter such conduct.

imminent serious bodily injury to that person or to another," "molest, attack, strike, stalk"].) In light of its reference to these statutes, the condition's language is sufficiently precise. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; see *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [a probation condition must be reasonably specific]; see also, *People v. Hall* (2017) 2 Cal.5th 494, 501 ["a probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language' " ' "].)

As to minor's claim of overbreadth, we note that "the purpose of probation is rehabilitation." (*In re White* (1979) 97 Cal.App.3d 141, 150.) Thus, conditions of probation should be "closely tailored to the rehabilitative needs of the individual before the court." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 930.) The purpose of the condition here is to address minor's criminal conduct and deter him from engaging in conduct that leads to criminal activity involving weapons. The condition prohibits minor from acting like he possesses a dangerous weapon. In light of the purpose of the condition to deter the minor from engaging in conduct that leads to criminal activity involving weapons, we conclude that it is not a reasonable interpretation of the condition to suggest that it precludes him from participating in a play, which has nothing to do with criminal activity. Therefore, we conclude the condition is not overbroad.

We conclude that the condition is not unconstitutionally vague or overbroad and, thus, decline to strike or modify it.

## II. The Maximum Term of Confinement Should Be Stricken

Minor was declared a dependent and placed in the custody of his father under specified probation conditions. Minor argues that the court erred in setting a maximum term of confinement when he was not removed from the physical custody of his parent. Respondent concedes, and we agree.

When a minor is removed from the physical custody of a parent or guardian under a wardship order, the order must specify the maximum term of confinement. (§ 726, subd. (d).) However, the Welfare and Institutions Code does not authorize a juvenile court to specify a maximum term of confinement when a minor is not removed from the physical custody of his parents or guardian. The court here sustained minor's petition and placed him in the custody of his father on probation and found the maximum custody time to be three years. The court erred in including the maximum term. (*In re A.C.* (2014) 224 Cal.App.4th 590, 591-592.) "[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term." (*Ibid.*) Thus, we will strike the term.

7

DISPOSITION

The maximum confinement term is stricken from the juvenile court's order.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                            J.

We concur:

CODRINGTON _____
                    Acting P. J.

SLOUGH _____
                    J.

8