Filed 9/24/24  P. v. Solano CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEPHEN MOISES SOLANO,<br><br>    Defendant and Appellant. | F087345<br><br>(Super. Ct. No. BF191343A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

In this appeal, defendant Stephen Moises Solano challenges only a condition of probation imposed at the time of sentencing as vague and/or overbroad. Defendant does not raise any procedural issues and does not challenge any potential problems that might have occurred during the jury trial. The People have submitted a brief in response acknowledging a potential problem with the specific probation condition at issue here. Following our review of the record and the relevant legal authorities, we remand this matter to the trial court to revise the challenged probation condition to provide more clarity to defendant and the probation department. In all other respects, we affirm the judgment.

## PROCEDURAL SUMMARY

An information was filed on December 19, 2022, charging defendant with one count of being a person motivated by an unnatural or abnormal sexual interest in children, who went to an arranged meeting with a minor (Pen. Code,[1] § 288.4, subd. (b), a felony; count 1). On November 2, 2023, prior to the trial in this matter, the information was amended to add an additional count against defendant alleging he intended to contact a minor to commit a sexual offense (§ 288.3, a felony; count 2). Various circumstances in aggravation were also alleged in the amended information pursuant to California Rules of Court, rule 4.421.

On November 6, 2023, the trial court dismissed count 2 in "furtherance of justice" (capitalization omitted) following a motion brought by the prosecution. Two days later, on November 8, 2023, a jury returned a verdict of guilty on the crime alleged in count 1.

On December 12, 2023, the trial court suspended the imposition of sentence, and placed defendant on formal probation for a period of two years. The court imposed various conditions of probation, including ordering defendant to serve one year in

---

[1] All further statutory references are to the Penal Code.

county jail and not to "knowingly associate with minors under the age of 18, nor frequent places where minors congregate, unless in the presence of a responsible adult, approved by the probation department."

## FACTUAL SUMMARY

On August 19, 2022, defendant sent a message to someone he believed to be an 18-year-old female on a dating application. The 18-year-old female was actually a decoy profile set up by a sheriff's deputy for the purpose of identifying and locating suspects who prey on children. After the deputy responded to the message from defendant on August 20, 2022, the two engaged in a back and forth exchange. Eventually, defendant asked if "she" was "mobile," then invited "her" over to his house to eat. The deputy, pretending to be the 18 year old, responded, " 'I don't have a car yet. I'm only gonna be 17 in two weeks.' " At trial the deputy testified this comment did not appear to concern defendant as he continued to encourage the newly revealed minor to come over to "hang out," saying he could pick her up and then take her home later.

Later when discussing what they would do if they were together, the conversation turned sexual. The deputy, as the minor, stated "she" did not want to get pregnant. Defendant responded he was concerned about this as well and offered to buy condoms. At some point, the discussion switched to text messaging and was no longer on the application. Defendant agreed to meet the minor at a specific location near a park. When the deputy went to the agreed location, he saw defendant waiting in a white car. The deputy identified defendant as the person in the car. Defendant was arrested and condoms were found in a bag in the trunk of his car.

When testifying on his own behalf, defendant believed the person he was communicating with was 18 years old based on the profile. Defendant testified he did not see the message about "her" turning 17 in two weeks because he was busy doing other things at the time it came through. Defendant testified he would have dropped out of the

3

conversation if he believed the person he was communicating with was under the age of 18.

## DISCUSSION

Again, the only issue raised by defendant concerns the probation condition imposed at sentencing that required him to not knowingly "frequent places where minors congregate, unless in the presence of a responsible adult, approved by the probation department." Defendant specifically asks this court to strike this probation condition because it is unconstitutionally vague. In response, the People instead suggest the "probation condition should be modified to include a non-exhaustive list of places he cannot frequent."[2]

### I. The Legal Standard Governing Probation Conditions

When granting probation, a trial court "may impose and require any or all of the terms of imprisonment, fine, and conditions" as it determines are fitting and appropriate. (§ 1203.1, subd. (j).) This includes conditions that require amends "be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer .…" (*Ibid*.) " 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality .…" ' " (*People v. Bryant* (2021) 11 Cal.5th 976, 983, citing *People v. Lent* (1975) 15 Cal.3d 481, 486.) This requires a case-by-case assessment considering the relationship of the condition to the crime, the specific terms

---

[2]     Citing *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143, the People agree defendant did not forfeit this issue on appeal by failing to object at the time the condition of probation was imposed.

provided in the challenged condition, and the connection of that condition to the probationer's future criminality. (*Bryant*, at p. 983.)

Because a trial court has broad discretion when imposing conditions of probation, we review decisions made about probation using an abuse of discretion standard. (*People v. Moran* (2016) 1 Cal.5th 398, 403.) This court "will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable." (*Ibid.*) Furthermore, to be considered reasonable, the probation condition must be based on more than an " 'abstract or hypothetical relationship' " between the condition and the goal of preventing future criminality, i.e., "there must be a specific relationship—grounded in the facts of the case—between the condition and preventing future criminality." (*People v. Cota* (2020) 45 Cal.App.5th 786, 790.) A " 'probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) For instance, the Supreme Court in *In re Sheena K.* (2007) 40 Cal.4th 875, 890, concluded a condition stating a defendant should not associate with anyone " 'disapproved of by probation' " was both vague and overbroad because it failed to adequately alert the defendant about who she must avoid to stay in compliance. (*Id.* at p. 891.)

## II.    Application of this Standard

The condition that defendant not "knowingly associate with minors under the age of 18, nor frequent places where minors congregate, unless in the presence of a responsible adult, approved by the probation department," was not arbitrary, capricious, or wholly unreasonable. However, we agree that the condition lacks clarity by failing to identify the types or scope of places where minors might congregate. While we could conclude this language might reference schools and parks, it is not clear if it also includes

places such as shopping malls or grocery stores. It is also not entirely clear in the structure of this sentence who the "responsible adult" accompanies. While we can logically assume the responsible adult accompanies the minor and not the adult defendant, we also wonder about what exactly the probation department approves. Does the required approval involve the "responsible adult" or the "places where minors congregate"? More attention to detail and specificity is required here, especially when the defendant's need to comply to remain free is at stake.[3] (See *People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1245 [to be fair, the possible lines should be clear].)

We will not simply strike this particular probation condition, as defendant requests, because of its potential relevance to the circumstances of this case. However, we do agree with the People that this matter should be remanded to the trial court to modify the probation condition to clarify the types of places defendant is expected to avoid. Any other phrasing that creates confusion in the condition should also be addressed.

## DISPOSITION

This matter is remanded to the trial court for a modification of the probation condition at issue here in a manner consistent with this opinion. In all other respects, the judgment is affirmed.

---

[3] We recognize versions of this language are used repeatedly and are found in a number of cases addressing the question of vagueness. However, like a game of "telephone," when phrases are constantly repeated without context, parts of the relevant phrase may disappear or be changed, altering the original meaning of that language.