Filed 9/17/25  P. v. Carlson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br>JESSICAH CARLSON,<br>　　　Defendant and Appellant. | A172130<br><br>(Del Norte County<br>Super. Ct. No. CF249185) |

After defendant and appellant Jessicah Carlson pled no contest to a single felony count for resisting an executive officer (Pen. Code, § 69, subd. (a)), [1] the trial court placed her on probation.  Under the terms and conditions of her probation, Carlson had to "[t]otally refrain" from using marijuana, alcohol, illegal substances, or controlled substances that had not been prescribed to her by a doctor.  To ensure that she refrained from doing so, Carlson had to submit to testing "for intoxicating or controlled substances on demand . . . ."  If the "results" of those tests were not "clean," then she would violate her probation.  On appeal, Carlson contends that the requirement that her test results be "clean" is unconstitutionally vague and overbroad.  We disagree and therefore affirm.

---

[1] All further statutory references are to the Penal Code.

FACTS

On July 11, 2024, the People filed an information charging Carlson with two felonies: resisting an executive officer (§ 69, subd. (a); count 1) and battery with injury on a peace officer (§ 243, subd. (c)(2); count 2). Carlson pled no contest to count 1 (resisting an executive officer). As the factual basis for the plea, the prosecutor stated that Carlson grabbed an officer's vest, threatened to hit that officer with a shoe, and kicked the officer in the face. Carlson later moved to withdraw her plea but the trial court denied her motion.

At the sentencing hearing, the trial court placed Carlson on "two years of formal probation" and imposed certain terms and conditions. Conditions 21 to 23 are the three conditions that are relevant to this appeal.

Under condition 21, Carlson must "[t]otally refrain from the possession or consumption of alcohol and marijuana, and stay out of places where alcohol and/or marijuana is the chief item of sale, including but not limited to dispensaries, breweries, and liquor stores." Under condition 22, Carlson must "[t]otally refrain from the use or possession, and not be under the influence of any illegal substance or any controlled substances that are not prescribed by a medical doctor or physician, and shall not use or possess controlled substance paraphernalia including but not limited to pipes, hypodermic needles, and bongs." Finally, under condition 23, Carlson must "[s]ubmit to blood, breath, urine, field sobriety, and other chemical testing for intoxicating or controlled substances on demand of any Probation or Peace Officer. Submit clean test results. For any pre-scheduled test, the results must be undiluted."

During discussions about these three conditions at the sentencing hearing, the probation officer stated that Carlson "reported that she uses

marijuana daily" and that, at the time of the incident, she "was under the influence of alcohol" and on her way to get a battery for her "cannabis vape." The prosecutor stated that Carlson appeared to be "under the influence of something" at the time of the incident and "ha[d] a history of using alcohol and resisting officers." In imposing conditions 21 to 23, the trial court explained that Carlson would get "a mental health assessment" and that "[a]lmost all substances like marijuana, methamphetamine, [and] alcohol interfere with mental health drugs. And that's a problem." The court then found that Carlson's "substance abuse is clearly an issue" and is "causing interference with proper social behavior."

Carlson timely appealed.

## DISCUSSION

Under condition 23 of her probation, Carlson must "[s]ubmit to . . . testing for intoxicating or controlled substances on demand," and the "results" of those tests must be "clean." According to Carlson, the term "clean" as used in that condition is unconstitutionally vague and overbroad. As a threshold matter, the People contend that Carlson forfeited these constitutional challenges by failing to object below. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K*) [failure to object to probation condition at sentencing forfeits claim that cannot " ' "be resolved without reference to the particular sentencing record developed in the trial court" ' "].) Carlson counters that she did not forfeit her constitutional challenges because they are facial challenges that can be resolved without reference to the record. (*Ibid.*) We need not, however, resolve the forfeiture issue because we reject Carlson's challenges on their merits. Exercising de novo review (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723), we find that condition 23 is

3

neither vague nor overbroad because it only prohibits Carlson from using the substances identified in conditions 21 and 22.

To survive a vagueness challenge, a probation condition must provide "fair warning" to a probationer. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) This means that the condition " 'must be sufficiently precise for the probationer to know what is required of [her], and for the court to determine whether the condition has been violated.' " (*Ibid.*)

To survive an overbreadth challenge, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition . . . ." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

When construing probation conditions, "we consider their context and we use common sense." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).) And "[w]here the trial court has made oral or written comments clarifying the probation condition, we may consider those comments in determining whether a challenged condition is unconstitutionally vague" or overbroad. (*Ibid.*)

Because the term "clean" as used in condition 23 is not expressly defined, Carlson contends that she may violate that condition by testing positive for a "properly prescribed narcotic" like "fentanyl." She therefore contends that the requirement that her test results be "clean" is both vague and overbroad. Carlson, however, largely ignores conditions 21 and 22—

4

which do not include properly prescribed medications among the substances that she may not use. When considered in light of those two conditions, condition 23 is neither vague nor overbroad.

Conditions 21 and 22 identify all of the "intoxicating or controlled substances" that Carlson must "[t]otally refrain" from using. Those substances consist of "alcohol," "marijuana," "any illegal substance," and "any controlled substances that are not prescribed by a medical doctor or physician." Those substances do *not* include any controlled substances that have been prescribed to Carlson by a doctor. Thus, conditions 21 and 22, by their terms, do not prohibit Carlson from using any properly prescribed medications. Considering condition 23 in this "context" and using our "common sense," we conclude that a test result is not "clean" under that condition only if Carlson tests positive for a substance that she must "[t]otally refrain" from using under conditions 21 and 22—i.e., alcohol, marijuana, an illegal substance, or a controlled substance that has not been prescribed to her. (*Smith*, *supra*, 79 Cal.App.5th at p. 902.) Stated in the inverse, a test result is still "clean" under condition 23 if Carlson tests positive for a substance that she is not prohibited from using by conditions 21 and 22—i.e., any controlled substance that has been properly prescribed to her. Because Carlson "can reasonably understand how to" comply with condition 23 under this commonsense interpretation, the condition is not vague. (*People v. Holzmann* (2018) 18 Cal.App.5th 1241, 1245.) Similarly, condition 23 is not overbroad because it does not prevent Carlson from using properly prescribed medications that she needs for her own health and well-being.

Finally, even without conditions 21 and 22, we would reject Carlson's constitutional challenges based on the trial court's comments during the sentencing hearing. (*Smith*, *supra*, 79 Cal.App.5th at p. 902.) During that

hearing, the court observed that Carlson's "substance abuse" interfered with her ability to exhibit "proper social behavior." The court also explained that any use of substances like "marijuana," "alcohol," or "methamphetamine" was a "problem" because it "interfere[d] with mental health drugs" that would presumably be prescribed to Carlson by a doctor after her mental health assessment. Thus, the court adequately clarified at the sentencing hearing that Carlson could use prescribed medications like "mental health drugs." And from this clarification, it is sufficiently clear that Carlson's test results would be "clean" under condition 23 if she only tested positive for a properly prescribed medication.

Accordingly, we reject Carlson's vagueness and overbreadth challenges.

## DISPOSITION

The judgment is affirmed.

CHOU, J.

WE CONCUR.

SIMONS, Acting P. J.
BURNS, J.

A172130/ *People v. Carlson*